WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS' HEALTH CARE FUND,
WISCONSIN MASONS 401(K) PLAN, WISCONSIN
MASONS APPRENTICESHIP & TRAINING FUND and
JAMES VICK (in his capacity as Trustee),

BRICKLAYERS & TROWEL TRADES INTERNATIONAL
PENSION FUND, INTERNATIONAL MASONRY INSTITUTE

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN, INTERNATIONAL
UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS,

WISCONSIN LABORERS HEALTH FUND, BUILDING
& PUBLIC WORKS LABORERS VACATION FUND,
WISCONSIN LABORERS APPRENTICESHIP &
TRAINING FUND, and KENT MILLER
(in his capacity as Trustee)

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

WISCONSIN LABORERS DISTRICT COUNCIL,

BUILDING TRADES UNITED PENSION TRUST FUND and
WILLIAM BONLENDER (in his capacity as Trustee),

        Plaintiffs,

v.        Case No. 25-cv-737

WINKLER MASONRY, INC.,

        Defendant.

## COMPLAINT

**NOW COME** Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Alex J. Sterling and as and for a cause of action against the Defendants, allege to the court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Winkler Masonry, Inc. ("Winkler Masonry") is founded upon sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132; 1145); along with 29 U.S.C. §185. Plaintiffs are aggrieved by Winkler Masonry's violation of certain collective bargaining agreements, trust plans and trust agreements by failing to submit contributions in accordance with the terms of those plans and agreements; and by failing to pay interest and liquidated damages on untimely paid contributions; thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the Labor Management Relations Act ("LMRA"), the terms and provisions of the employee benefit plans, and collective bargaining agreements to which it is bound.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. §1391(b)(1) in that Defendants are doing business and reside in Racine County, Wisconsin.

### Parties

3. Plaintiff Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons 401(k) Plan, and Wisconsin Masons Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1),

(2), (3) and (37), 1132 and 1145). Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

4. Plaintiff James Vick is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. James Vick maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

5. Plaintiffs Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002 (1), (2), (3), and (37), 1132, and 1145). Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

6. Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin ("Bricklayers District Council") is a labor organization within the meaning of 29 U.S.C. § 158, et seq. and brings this action on behalf of the participants and beneficiaries of said organization for whom it collects working dues. Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.5.

7. Plaintiff International Union of Bricklayers & Allied Craftworkers ("International Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq. and brings this action on behalf of the participants and beneficiaries of said organization for whom it collects working dues. Said organization maintains offices at 620 F Street NW, Washington, D.C. 20004.

8. Plaintiffs Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

9. Plaintiff Kent Miller is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action. Mr. Miller maintains an office at 4633 LIUNA Way, Suite 101, DeForest, WI 53532.

10. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532-2514.

11. Plaintiff Wisconsin Laborers District Council (hereinafter the "Laborers District Council") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532-2514.

12. Plaintiff Building Trades United Pension Trust Fund (hereafter "Pension Fund") is an employee pension benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

13. Plaintiff William Bonlender is a Trustee and a fiduciary of the Pension Fund and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Bonlender maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

14. Winkler Masonry is a domestic corporation organized under the laws of Wisconsin and is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)). Winkler Masonry is engaged in the business with a principal office located at 4302 Harvest Lane, Racine, WI 53402. Winkler Masonry's registered agent for service of process is Jason Winkler located at 5834 Middle Road, Racine, WI 53402.

## Facts

15. Winkler Masonry is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

16. For all times relevant, Winkler Masonry was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor

Agreements") between itself and the Bricklayers District Council and Laborers District Council (hereinafter "Unions").

17. The Labor Agreements described herein contain provisions whereby Winkler Masonry agreed to make contributions and payments to the Plaintiff Funds and Unions by the fifteenth day of the month after the one during which the work was performed.

18. By execution of said Labor Agreements, Winkler Masonry adopted the trust agreements and amendments thereof; which establish and govern the Plaintiff Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policies on Employer Accounts.

19. Winker Masonry has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreements with the Unions.

20. Even when Winkler Masonry has remitted contributions to the Plaintiffs, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policies on Employer Accounts that are binding upon Winkler Masonry, it owes to the Plaintiff Funds interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

21. Upon information and belief Winkler Masonry has withheld from the paychecks of its employees, yet failed to remit to the Plaintiff Unions, working dues owed

by its employees to the Unions as well as contributions owed to the Building & Public Works Laborers Vacation Fund and Wisconsin Masons 401(k) Plan.

### Claim One Against Winkler Masonry, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

22. As and for a first claim for relief against Winkler Masonry the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23. For purposes of this claim, Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons' Health Care Fund, Wisconsin Masons 401(k) Plan, Wisconsin Masons Apprenticeship & Training Fund, Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, Building & Public Works Laborers Vacation Fund, and Building Trades United Pension Trust Fund will be referred to as the "Funds."

24. Winkler Masonry has failed to remit to the Funds all contributions required by its collective bargaining agreements with the Unions in violation of 29 U.S.C. § 1145.

25. Therefore, on all contributions that remain unpaid from July 1, 2020, through the date of the filing of this Complaint, the Funds are entitled to recover from Winkler Masonry all owed contributions; interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. § 1132(g), the Policies on Employer Accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Winkler Masonry:

A. For unpaid contributions, interest, and liquidated damages owed to the Funds for the period July 1, 2020 to the present;

B. For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Winkler Masonry, Inc.
## Violation of LMRA § 301 (29 USC § 185)

26. As for a second claim for relief against Winker Masonry, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 25 above and incorporate same as though fully set forth herein word for word.

27. For purposes of this claim, the Wisconsin Laborers-Employers Cooperation and Education Trust Fund is hereinafter referred to as "LECET."

28. Winkler Masonry has failed to remit to LECET all contributions required by its collective bargaining agreements with the Unions in violation of 29 U.S.C. § 185.

29. Pursuant to Winkler Masonry's collective bargaining agreements and the Policy on Employer Accounts that it adopted, Winkler Masonry owes to LECET 1.5% interest per month on all unpaid contributions that were unpaid as of the date of the filing of this Complaint.

-8-

Case 2:25-cv-00737    Filed 05/20/25    Page 8 of 10    Document 1

30. Pursuant to the same Policy on Employer Accounts, LECET is entitled to recover their attorneys' fees and costs incurred in prosecuting this claim for contributions and interest.

31. Winkler Masonry deducted working dues from its employees' paychecks, such working dues owed to the Unions, but failed to submit same to the Unions in a timely fashion.

32. By failing to remit to the Unions the working dues that it deducted from the paychecks of its employees, Winkler Masonry breached its collective bargaining agreement(s) with the Unions; so that the Unions are entitled to recover all such dues, as well as all other remedies provided by the collective bargaining agreement(s) for Winkler Masonry's breach thereof.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of LECET and the Unions against Winkler Masonry for all contributions and working dues owed to them for the time period after July 1, 2020, plus all appropriate interest and liquidated damages;

2. Actual attorney fees and the costs of this action.

3. For such other, further, or different relief as the Court deems just and proper.

Dated this 20th day of May 2025.

/s/ Christopher J. Ahrens
Christopher J. Ahrens (SBN 1043237)
Alex J. Sterling (SBN 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com